UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ED RIVERA,<br><br>Defendant. | Case No. 00-cr-00477-SI-1<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE; SETTING FURTHER STATUS CONFERENCE FOR AUGUST 27, 2020 AT 11:00 AM**<br><br>Re: Dkt. No. 43 |

On July 16 and 30, 2020, the Court held hearings on defendant Ed Rivera's motion for compassionate release. For the reasons set forth below, the Court GRANTS the motion.

In 1984, Judge Conti of this Court sentenced defendant Ed Rivera to 240 months imprisonment for armed bank robbery (the "original sentence"). Defendant was paroled in 1998, and in 2000, defendant committed a series of bank robberies using a toy handgun. Defendant pled guilty to 12 counts of armed bank robbery, and in December 2001 this Court sentenced Mr. Rivera to 137 months. Defendant completed this Court's sentence sometime in 2010. The U.S. Parole Commission imposed the balance of Judge Conti's sentence, and defendant is currently serving that sentence at FCI Lompoc. Mr. Rivera's projected release date is August 1, 2026. Mr. Rivera is 63 years old.

Defendant has filed a motion seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). As amended by the First Step Act, that statute provides:

> [T]he court, upon motion of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –

>     (i) extraordinary and compelling reasons warrant such a reduction
>
>     . . .
>
>     and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*Id.*

Defendant asserts that he has shown "extraordinary and compelling" reasons for compassionate release because he has submitted documentation showing he is obese, prediabetic, he has primary hypertension and hyperlipidemia, and lasting lung damage and respiratory issues as a result of experiencing a severe case of Legionnaire's Disease when he was incarcerated in the 1980s. The record also shows that defendant tested positive for COVID-19 in May while at FCI Lompoc. While it appears that defendant was either asymptomatic or had a mild case, defendant has cited medical articles for the proposition that there is "no evidence that people who have recovered from COVID-19 and have antibodies are protected from a second infection." "*Immunity Passports" in the Context of COVID-19*, World Health Organization (Apr. 24, 2020).[1] Defendant argues that his preexisting conditions and his age make him more vulnerable to developing serious illness if he contracts COVID-19 again. Defendant also states – and the government does not dispute – that he has not had any disciplinary issues in his over 30 years in prison, and that he has received numerous positive reviews for various jobs that he has held while in prison.

The government does not dispute that Mr. Rivera suffers from numerous medical conditions and that, in particular, Mr. Rivera's obesity places him at greater risk for developing serious illness from COVID-19. Opp'n at 12 (Dkt. No. 45). As such, the government "does not contest that the defendant presents an extraordinary and compelling reason, as required under USSG § 1B1.13 cmt. N.1(a)." *Id.*

At the July 16 hearing, the government argued that its primary objection to Mr. Rivera's release was its concern that he will pose a danger to society based upon his offense history, and the

---

[1] Found at https://www.who.int/news-room/commentaries/detail/immunity-passports-in-the-context-of-covid-19.; *see also* Quan-Xin Long, *et al.*, *Clinical and Immunological Assessment of Asymptomatic SARS-CoV-2 Infections*, Nature, June 18, 2020, at 1 (discussing data suggesting that asymptomatic individuals had a weaker immune response to COVID-19 infection), found at https://nature.com/articles.s41591-0200956-6.

government raised concerns about the lack of a concrete release plan.[2]  The Court finds that Mr. Rivera is not a danger to society, and notes that he committed his offenses long ago and that he has had an exemplary record while in prison.   However, at the July 16 hearing, the Court shared the government's concerns regarding the lack of a concrete release plan, and the Court directed defense counsel to work with Probation to attempt to secure housing for Mr. Rivera, and set a further hearing for July 30.

At the July 30 hearing, defense counsel reported that the Probation Officer had obtained 30 days of housing vouchers for Mr. Rivera to use upon his release. Counsel stated that during that initial 30-day time period, counsel and Probation would work with Mr. Rivera to find a space in a transitional housing program where he could also obtain vocational services.  Mr. Rivera would remain on supervised release for three years subject to all of the normal conditions, and the Probation Officer would have the discretion to place Mr. Rivera in a halfway house for up to 6 months.  The government stated that these conditions allayed its concerns and were acceptable.  The Court finds that these conditions are appropriate, and the Court commends the Probation Officer for her work on this case and in securing the housing vouchers.

Having carefully considered the parties' papers, the Court hereby GRANTS defendant's motion for compassionate release finding extraordinary and compelling reasons warrant it.  The Court modifies defendant's sentence of imprisonment on the original sentence to time served.  The remaining portion of the original sentence shall be served as 3 years of supervised release to be served concurrently with any supervised release imposed on the 2001 conviction, and subject to the normal supervised release conditions.  After his release from FCI Lompoc, Mr. Rivera shall work

---

[2] The government's opposition papers also asserted that defendant had not exhausted his administrative remedies because officials at FCI Lompoc could not locate any records showing Mr. Rivera submitted a request for compassionate release.  However, defendant has filed evidence showing that on May 19, 2020, he submitted a "Request to the Warden" on a BOP form requesting that he be granted compassionate release due to his age, a number of preexisting health conditions, and the "Covid-19 pandemic and specifically the high infectious rate prevalent at FCI-Lompoc, Low." Dkt. No. 48, Ex. A.  Defendant states that he never received a response to his request.  The Court finds that defendant has shown that he has exhausted his remedies.  Further, as a protective measure defense counsel submitted a second request on July 9, 2020, and thus by August 8 (when Mr. Rivera will be in quarantine prior to release), there will be no dispute that he has exhausted his remedies.

3

1   with defense counsel and Probation to secure housing in a transitional housing program.  The
2   Probation Officer shall have the discretion to direct that Mr. Rivera be placed in a halfway house
3   for up to 6 months.  The Court will hold a status conference on **August 27, 2020 at 11:00 am** at
4   which time Mr. Rivera will provide an update to the Court regarding his housing and employment
5   situation.

6   Defendant shall be released after a 14-day quarantine at FCI Lompoc and travel plans are in
7   place.

9   **IT IS SO ORDERED**.

11  Dated: July 30, 2020                                  _____
                                                          SUSAN ILLSTON
                                                          United States District Judge