1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

ED RIVERA,

        Defendant.

Case No.  00-cr-00477-SI-1

**ORDER RESCINDING PRIOR ORDER (DKT. NO. 50) AND RESENTENCING DEFENDANT**

In an Order dated July 30, 2020, the Court granted defendant Ed Rivera's motion for compassionate release and ordered him released after the completion of a 14-day quarantine period. Dkt. No. 50.  The government has since filed a response to that Order, proposing an alternative route to Mr. Rivera's release, and Mr. Rivera has filed a reply "agree[ing] with the essence of the Government's suggested resolution[,]" without conceding there was any error in the Court's prior Order and clarifying that under the government's proposal there would be no additional Parole for Mr. Rivera to serve.  Dkt. Nos. 59, 60.

Accordingly, the Court RESCINDS its prior Order (Dkt. No. 50).  **The Court modifies Mr. Rivera's sentence of imprisonment on Case No. 00-cr-0477-SI to 55 months and 26 days**, leading to a release date of August 8, 2004.  The sentence under Case No. 84-cr-0022-SC would commence on that same day (August 8, 2004), which would result in a release date of August 10, 2020.  **Mr. Rivera's 3 years of supervised release on Case No. 00-cr-0477-SI shall begin effective on the date of his release from FCI Lompoc and shall be subject to the normal supervised release conditions.[1]  As stated in defendant's reply brief, Dkt. No. 62, there shall**

_____

[1] At the July 30 hearing, defense counsel reported that the Probation Officer had obtained 30 days of housing vouchers for Mr. Rivera to use upon his release.  Counsel stated that during that

United States District Court
Northern District of California

1   **be no parole supervision remaining on Case No. 84-cr-0022-SC, as Mr. Rivera has completed**

2   **his sentence under that case.**   After his release from FCI Lompoc, Mr. Rivera shall work with

3   defense counsel and Probation to secure housing in a transitional housing program.   The Probation

4   Officer shall have the discretion to direct that Mr. Rivera be placed in a halfway house for up to 6

5   months.

6          Mr. Rivera's counsel states that Mr. Rivera was placed in quarantine status "only a few days

7   ago."  Dkt. No. 62.  **After he completes the 14-day quarantine, Mr. Rivera shall be released**

8   **from FCI Lompoc forthwith.**

9          The status conference set for August 27, 2020 at 11:00 am remains on calendar, for Mr.

10  Rivera to provide an update to the Court regarding his housing and employment situation.

11         The Court is grateful for the cooperation of all parties in this matter.

12

13         **IT IS SO ORDERED**.

14  Dated: August 11, 2020

15  _____

    SUSAN ILLSTON
16  United States District Judge

17

18

19

20

21

22

23

24

25

    initial 30-day time period, counsel and Probation would work with Mr. Rivera to find a space in a
26  transitional housing program where he could also obtain vocational services.  Mr. Rivera would
    remain on supervised release for three years subject to all of the normal conditions, and the Probation
27  Officer would have the discretion to place Mr. Rivera in a halfway house for up to 6 months.  The
    government stated that these conditions allayed its concerns and were acceptable.  The Court finds
28  that these conditions are appropriate, and the Court commends the Probation Officer for her work
    on this case and in securing the housing vouchers.

2